IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Velma McDonald, )
)
      Plaintiff, )
)
vs. )
) Civil Action No.: 2:07-CV-34-SRW
R. James Nicholson, in his )
official capacity as Secretary )
of Veterans Affairs, )
)
      Defendant. )

# COMPLAINT

## I. GENERAL STATEMENT OF ACTION

1. This is a civil action for injunctive relief, declaratory judgment, further equitable relief, damages, attorney fees and other appropriate relief to protect and redress the deprivation of rights, privileges and immunities secured by the Fourteenth Amendment to the Constitution of the United States of America and Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. Section 2000e et seq., as amended by the Equal Employment Opportunity Act of 1972, U.S.C.A Section 2000e-16.

## II. JURISDICTION

2. Plaintiff asserts that federal question jurisdiction exists pursuant to 28 U.S.C.S. Sections 1331, 1343 and 2001. Plaintiff alleges that a justifiable controversy exists between Plaintiff and Defendant.

1

3. That the Plaintiff received the Final Order from the Department of Veterans Affairs on October 11, 2006. (A copy of which is attached as Exhibit "A".)

### III. PARTIES

4. Plaintiff Velma McDonald, a resident of Prattville, Autauga County, Alabama, is a black female, over the age of 21 years, and at all pertinent times, has been employed as a Registered Nurse, Nurse 1, Level 2, at the Central Alabama Veterans Health Care System (CAVHCS) West Campus, Montgomery, Alabama.

5. Defendant is an employer as defined by 42 U.S.C.S. Section 2000e (b) and at all times pertinent thereto, discriminated against Plaintiff at the Central Alabama Veterans Health Care System, with said discrimination being based on race (black), sex (female) and reprisal for prior EEO activity.

### IV. ALLEGATIONS OF FACT

6. Plaintiff Velma McDonald is a black female employed as a Staff Registered Nurse 1, Level 2 at the Central Alabama Veterans Health Care System (CAVHCS) West Campus, Montgomery, Alabama.

7. Plaintiff has been discriminated against by Defendant because of Plaintiff's race (black), her sex (female) and prior EEO activity, (case numbers 200I-0619-200410362 and 200I-0619-2004101745) when Defendant failed to properly complete Plaintiff's Proficiency Report for 2005.

2

8. Defendant's failure to properly complete Plaintiff's Proficiency Report for 2005 resulted in an adverse employment action that resulted in her failure to receive a promotion through the nursing boarding process.

9. Defendant's policies provide that employees such as Plaintiff, would receive the proficiency ratings annually, on their anniversary date.

10. However, Defendant's policies also provide that an annual proficiency rating may be delayed in 90 day increments beyond the regular due date, if an employee is absent from duty for an extended period or absent from duty pending the results of a facility investigation that affected the employment status of an employee.

11. On or about December 11, 2002, Plaintiff was placed on administrative reassignment for an alleged investigation which was closed on or about October 7, 2004, with no findings of any wrongdoing by Plaintiff.

12. During this reassignment, Plaintiff was not performing nursing duties and responsibilities.

13. Plaintiff did not officially resume her nursing duties and responsibilities until January 23, 2005.

14. Due to Plaintiff being away from her nursing duties and responsibilities for more than two years, she reasonably requested that she be trained on the procedures to incorporate any new changes

that may have occurred regarding the PYXIS system which is utilized to administer medications.

15. Plaintiff did receive a proficiency rating for March 12, 2004 through March 12, 2005, March 12, being Plaintiff's anniversary date, but such proficiency was left blank on 10 elements that rated Plaintiff's nursing skills in providing nursing care and rated her nursing supervisory skills, because Plaintiff had only returned to her nursing duties on January 23, 2005.

16. However, according to Defendant's policies, another proficiency was prepared for Plaintiff covering the period of January 23, 2005 through June 23, 2005, which adequately rated Plaintiff as being "Satisfactory" on these 10 elements.

17. Plaintiff alleges that the accurate proficiency for the period of January 23, 2005 through June 23, 2005 should have been made her official proficiency but this proficiency was intentionally omitted from Plaintiff's personnel file and intentionally not provided to subsequent persons comprising Boards to consider Plaintiff for a promotion.

18. Defendant's intentional failure to include at least both subject proficiency ratings in Plaintiff's personnel file for consideration for subsequent promotions was an adverse employment action, with the intended and discriminatory purpose of preventing Plaintiff from being promoted.

19. Defendant has further discriminated against Plaintiff based on her race, sex and reprisal by creating and exposing her to a continuously hostile work environment.

20. Defendant has treated Plaintiff differently from other similarly situated white male employees who were employed by Defendant.

21. Any non-discriminatory reasons given by Defendant for its action against Plaintiff are a pretext to hide or mask discrimination on the basis of race, sex, or in retaliation for her prior EEO activity.

22. Plaintiff has exhausted her administrative remedies with the Department of Veterans Affairs when it issued a final decision dated October 5, 2006 which was received by Plaintiff on October 11, 2006, and such final decision has prompted Plaintiff to file this lawsuit in federal court.

**WHEREFORE**, Plaintiff requests the following relief:

A. That this Court issues a declaratory judgment finding that the Defendant has discriminated against Plaintiff based on her race, color, and prior EEO activity for the reasons stated herein and she has been treated differently from similarly situated white male employees hired by Defendant.

B. That Plaintiff be retroactively promoted to Nurse III, with interest and all appropriate corresponding benefits; and

C. That Plaintiff be awarded compensatory damages, including damages for emotional distress and mental anguish, and punitive damages; and

D. That Plaintiff be awarded reasonable attorney fees, costs and any other relief that is just and equitable.

Done this 9th day of January, 2007.

Respectfully submitted,

*Deborah Hill Biggers*
DEBORAH HILL BIGGERS (BIG002)
Attorney for Plaintiff, Velma McDonald
P. O. Box 1183
Tuskegee Institute, AL  36087-1183
PH:  (334) 727-0092
FAX (334) 727-7117

EXHIBIT "A"

# DEPARTMENT OF VETERANS AFFAIRS
## OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION
### WASHINGTON, D.C. 20420

| | |
|---|---|
| Velma Y. McDonald ) | |
| ) | |
| Complainant, ) | |
| ) | |
| v. ) | VA Case No. 200I-0619-2005-102682 |
| ) | |
| Secretary, ) | |
| Department of Veterans Affairs ) | EEOC Case No. 420-2006-00084X |
| ) | |
| Agency. ) | |

## FINAL ORDER

It is the final action of this Department in the above-referenced matter to accept and fully implement the attached decision of the EEOC administrative judge.

If dissatisfied with this final action, the complainant may appeal or file a civil action as set forth below.

### RIGHT OF APPEAL

Within 30 days of receipt of this final action, the complainant has the right to appeal it to: **Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 19848, Washington, D.C. 20036.** If an appeal is filed, EEOC Form 573 should be used. A copy of EEOC Form 573 is attached.

A copy of the appeal to the EEOC **must** also be sent to the VA's Office of the General Counsel at the following address: **Department of Veterans Affairs, Office of the General Counsel (024), 810 Vermont Ave., N.W., Washington, D.C. 20420.**

Statements or briefs in support of the appeal **must** be submitted to the EEOC within 30 calendar days of the filing of the appeal. A copy of any such statement or brief, including any statements made on EEOC's "Appellant Docketing Statement", must also be sent to the VA's Office of the General Counsel at the above address.

If an appeal is filed with the EEOC, the appeal, and any subsequently filed statement or brief, **must** contain a statement certifying the date and method by which copies of these documents were served on the VA's Office of the General Counsel.

If the complainant files an appeal with the Commission beyond the above-noted time limit, the complainant should provide the Commission with an explanation as to why the appeal should be accepted despite its untimeliness. If the complainant cannot explain why timeliness should be excused, the Commission may dismiss the appeal as untimely.

## RIGHT TO FILE A CIVIL ACTION

The complainant also has the right to file a civil action in an appropriate United States District Court. The complainant may file a civil action

> within 90 days of receipt of this final action <u>if no appeal to EEOC has been filed</u>; or
>
> within 90 days after receipt of the EEOC's final decision on appeal; or
>
> after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission.

The complainant **must** name the person who is the official head of the Department of Veterans Affairs as the defendant. Department means the national organization, and not just the local office, facility, or unit in which the complainant works. The complainant may not name just the Department. The complainant must name **R. James Nicholson** as the defendant. The complainant must also state the official title of the Department head. The official title of the head of the Department of Veterans Affairs is **Secretary of Veterans Affairs**. Failure to provide the name or official title of the head of the Department may result in dismissal of the case.

If the complainant decides to file a civil action under Title VII (discrimination due to race, color, religion, sex, national origin, or reprisal) or under the Rehabilitation Act of 1973, as amended, (discrimination due to disability), and if the complainant does not have or cannot afford the services of an attorney, the complainant may request that the Court appoint an attorney to represent the complainant and that the Court permit the complainant to file the action without payment of fees, costs, or other security. **The**

2

**grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action <u>MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS</u> of the date the complainant receives the final action or final decision from the Department or the Commission.

_____        _____10-4-06_____
CHARLES R. DELOBE                                                        Date
Director, Office of
Employment Discrimination
Complaint Adjudication

Attachment: EEOC Form 573

3