## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| VELMA MCDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: **2:07-CV-34-ID-SRW** |
| | ) | |
| R. JAMES NICHOLSON, in his | ) | |
| official capacity as Secretary of | ) | |
| Veterans Affairs, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Now comes Defendant, R. James Nicholson, Secretary of Veterans Affairs, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred to the extent she has failed to timely and fully exhaust the mandatory administrative remedies applicable to Title VII claims asserted by federal-sector employees.

## FOURTH DEFENSE

Defendant denies the allegations of discrimination in Plaintiff's Complaint and demands strict proof of all matters contained therein.

## FIFTH DEFENSE

Any actions taken with respect to Plaintiff, or her employment, were taken for legitimate, non-discriminatory reasons, in good faith, and, as such, did not violate any legal rights possessed by her.

## SIXTH DEFENSE

Plaintiff has failed to mitigate her damages, her entitlement to which is expressly denied.

## SEVENTH DEFENSE

Some, or all, of Plaintiff's claims may be barred by the statute of limitations or the doctrines of accord and satisfaction, after-acquired evidence, estoppel, justification, res judicata, laches, unclean hands, or waiver.

## EIGHTH DEFENSE

Defendant exercises reasonable care to prevent and promptly correct any unlawful harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided or to otherwise avoid harm.

## NINTH DEFENSE

Defendant reserves the right to assert further affirmative defenses, as they become evident through discovery or investigation.

## TENTH DEFENSE

NOW, having set forth certain of its defenses herein, Defendant responds to the paragraphs of Plaintiff's Complaint as follows:

1.      Paragraph 1 of the complaint is a general description of the lawsuit to which no answer is required.

2.      Paragraph 2 of the complaint is a statement of jurisdiction to which no answer is required.  To the degree an answer is deemed necessary the allegations of the paragraph are denied.

3.      The defendant is without sufficient information to admit or deny the allegations of paragraph 3 of the complaint, the same are therefore denied.

4.      The Defendant admits the Plaintiff has been employed as a Registered Nurse, Nurse 1, Level 2 at the Central Alabama Health Care System, but is without sufficient information to admit or deny the remaining allegations of paragraph 4 of the complaint, the same are therefore denied.

5.      The Defendant admits that it is an employer defined by the cited code section, but denies that the Plaintiff was discriminated against on the basis of her race, gender, and/or in reprisal for prior EEO activity.

6.     The Defendant admits the allegations of paragraph 6 of the complaint.

7.     The Defendant admits the Plaintiff has previously been involved with EEO activity, but denies the remaining allegations of paragraph 7 of the complaint.

8.     The Defendant denied the allegations of paragraph 8 of the complaint.

9.     The Defendant is without sufficient information to admit or deny the allegations of paragraph 9 of the complaint, the same are therefore denied.

10.     The Defendant is without sufficient information to admit or deny the allegations of paragraph 10 of the complaint, the same are therefore denied.

11.     The Defendant admits the Plaintiff was placed on administrative reassignment on or about December 11, 2002, and subsequently reassigned to Same Day Surgery in January, 2005.  The Defendant, however, but is without sufficient information to admit or deny the remaining allegations of paragraph 11 of the complaint, the same are therefore denied.

12.     The Defendant admits the allegations of paragraph 12 of the complaint.

13.     The Defendant admits the plaintiff was reassigned to same to Same Day Surgery effective January 23, 2005.

14.     The Defendant is without sufficient information to admit or deny the allegations of paragraph 14 of the complaint, the same are therefore denied.

15.     The Defendant admits the plaintiff was not rated on 10 elements for the period of March 12, 2004 through March 12, 2005 because the Plaintiff was functioning

in an administrative capacity between March 12, 2004 and January 23, 2005.

      16.    The Defendant admits the allegations of paragraph 16 of the complaint.

      17.    The Defendant denies the allegations of paragraph 17 of the complaint.

      18.    The Defendant denies the allegations of paragraph 18 of the complaint.

      19.    The Defendant denies the allegations of paragraph 19 of the complaint.

      20.    The Defendant denies the allegations of paragraph 20 of the complaint.

      21.    The Defendant denies the allegations of paragraph 21 of the complaint.

The remaining paragraphs of the complaint are in the form of a prayer for relief to which no answer is required. To the degree an answer is deemed necessary, the Defendant denies the Plaintiff is entitled to the award of any damages of any type.

WHEREFORE, premises considered, the complaint is due to be dismissed with all costs taxed to the Plaintiff.

Respectfully submitted this 12th day of April, 2007.

LEURA G. CANARY
United States Attorney

By: s/R. Randolph Neeley
R. RANDOLPH NEELEY
Assistant United States Attorney
Bar Number: 9083-E56R
Post Office Box 197
Montgomery, AL  36101-0197
Telephone No.: (334) 223-7280
Facsimile No.: (334) 223-7418
**E-mail: rand.neeley@usdoj.gov**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 12, 2007, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing

to plaintiff's Attorney, Deborah Hill Biggers, Esquire.

<u>s/R. Randolph Neeley</u>
Assistant United States Attorney